[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15231
Non-Argument Calendar
_____

D. C. Docket No. 1:09-cr-00134-JOF-JFK-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITNEE MARKETTE JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 10, 2012)

Before HULL, EDMONDSON, and BLACK, Circuit Judges.

PER CURIAM:

Mitnee Jones appeals her conviction for engaging in misleading conduct with the intent to hinder, delay, or prevent the communication to a federal law enforcement officer about the possible commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3), for which she was sentenced to 15 months' imprisonment.[1]  No reversible error has been shown; we affirm.

Jones worked as a senior officer at the Fulton County Jail in Atlanta, Georgia. When an inmate refused to stop banging and kicking on his cell door, Jones and two other officers entered the inmate's cell to calm him down.  Although the exact details are unclear, the officers used physical force against the inmate; and the inmate died shortly thereafter.

Following the inmate's death, a lieutenant instructed Jones and three other officers to prepare incident reports.  According to two witnesses, Jones -- who was the highest ranking officer involved in the incident -- instructed the other officers to get their stories straight and suggested, either explicitly or implicitly, that the officers omit from their reports that they had had a physical encounter with the inmate before his death.  Jones was later convicted based on the misleading information contained in her incident report.

---

[1] Jones was also convicted of making a false statement to a federal agent, in violation of 18 U.S.C. § 1001, and obstructing, influencing, or impeding a federal grand jury, in violation of 18 U.S.C. § 1503.  She does not challenge these convictions on appeal.

On appeal, Jones first argues that the district court violated Garrity v. New Jersey, 87 S. Ct. 616 (1967), by admitting her incident report into evidence at trial. In Garrity, the United States Supreme Court concluded that, absent a knowing and voluntary waiver, incriminating statements made by law enforcement officers under threat of termination for remaining silent are inadmissible in later criminal proceedings.  87 S. Ct. at 620.

But we have concluded that, "[a]lthough an accused may not be forced to choose between incriminating [her]self and losing [her] job under Garrity, neither Garrity nor the Fifth Amendment prohibits prosecution and punishment for false statements or other crimes committed during the making of Garrity-protected statements." United States v. Veal, 153 F.3d 1233, 1243 (11th Cir. 1998) (emphasis in original).  "Giving a false statement is an independent criminal act that occurs when the individual makes the false statement; it is separate from the events to which the statement relates, the matter being investigated."  Id. (emphasis in original). Because Jones was prosecuted for making misleading statements in her incident report -- not for the conduct described in her report -- she is unentitled to protection under Garrity or the Fifth Amendment.  Thus, the district court's admission of Jones's incident report was proper.

Jones next argues that insufficient evidence exists to support her conviction. In particular, Jones asserts that nothing evidences that she knew that federal authorities would investigate the incident or that her incident report would be transferred to federal officers.[2]

We review a challenge to the sufficiency of evidence de novo, viewing the evidence in the light most favorable to the government. Id. at 1253.  To prove that Jones violated section 1512(b)(3), the government must show that she "knowingly and willingly (1) engaged in misleading conduct toward another person, (2) with intent to hinder, delay or prevent the communication of information to a federal law enforcement officer . . . , (3) about the commission or the possible commission of a federal crime." See id.  On appeal, Jones does not challenge the sufficiency of the evidence proving that she engaged in misleading conduct or that the information she provided was pertinent to a federal crime.  Thus, we need only address the "intent" element of her offense.

Jones acknowledges that, under this Court's current law, the government is not required to prove that the defendant knew that her misleading information pertained to a federal offense. See id. at 1252; see also United States v. Ronda, 455 F.3d 1273,

---

[2]Contrary to Jones's assertions, the record establishes that, during a recent training course, Jones had been taught that excessive use of force investigations were performed by federal authorities.

4

1285 (11th Cir. 2006) (stating that section 1512(b)(3) "does not require a specific intent to mislead federal officials").  Instead, the government need only show that "the misleading information is <u>likely</u> to be transferred to a federal agent."  See Veal, 153 F.3d at 1251 (emphasis in original).  Because we are bound by our prior precedent, we decline Jones's invitation to adopt a different approach used in two other circuits.  <u>See Gandara v. Bennett</u>, 528 F.3d 823, 829 (11th Cir. 2008) (stating that "we are bound by the holdings of earlier panels unless and until they are clearly overruled <u>en banc</u> or by the Supreme Court").

Although Jones suggests that she was aware only that her statements would mislead state officials, there existed "the <u>possibility</u> or <u>likelihood</u> that [her] false and misleading information would be transferred to federal authorities irrespective of the government authority represented by the initial investigators."  See Veal, 153 F.3d at 1251-52 (emphasis in original).  Thus, sufficient evidence exists to support Jones's conviction.

AFFIRMED.